Steven D. BROOKS, Plaintiff,

v.

Edward ALAMEIDA, Jr., et. al., Defendants.

No. 04CV2059H (CAB).

United States District Court, S.D. California.

Aug. 11, 2006.

Plaintiff in pro per, High Desert State Prison, Susanville.

Deputy Attorneys General G. Michael German and Gregory Marcot, Office of the California Attorney General, San Diego, CA, for defendants.

## ORDER GRANTING WITH PREJUDICE DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT AND RULE 60(b)(3) RELIEF

HUFF, District Judge.

On October 12, 2004, Plaintiff Steven D. Brooks, state prisoner proceeding *pro se* and *in forma pauperis*, brought this case pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff filed a second amended complaint on January 6, 2006. (Doc. No. 43.) Also on January 6, 2006, Plaintiff filed a motion for partial summary judgment. (Doc. No. 38.)

On March 13, 2006, Defendants filed a motion to dismiss the second amended complaint and to strike Plaintiff's prayer for punitive damages and attorney's fees under Federal Rule of Civil Procedure 12(f). (Doc. No. 49.) On April 4, 2006, Plaintiff filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). (Doc. No. 56.) The

Magistrate Judge issued a report and recommendation on May 9, 2006. (Doc. No. 68.) On May 26, 2006, Plaintiff filed objections to the report and recommendation. (Doc. No. 70.) Defendants filed a reply on June 23, 2006. (Doc. No. 73.) For the reasons stated below, the Court GRANTS with prejudice Defendants' motion to dismiss and DENIES Plaintiff's motions for partial summary judgment and Rule 60(b)(3) relief.

## *Discussion*

### 1. Defendant's Motion to Dismiss

Defendants move to dismiss the second amended complaint. Defendants contend that Plaintiff's causes of action related to his unsuccessful 1999 petition for habeas relief are barred by issue and claim preclusion because this Court already determined those issues in Plaintiff's 2002 § 1983 action, *Brooks v. Giurbino, et. al.,* Case No. 02–CV–2537 H(NLS) ("the 2002 action"). The Court granted Defendants' summary judgment motion on April 5, 2004 and denied Plaintiff's motion to amend judgment pursuant to Rule 59 on May 11, 2004. (*Brooks v. Giurbino, et. al.,* Doc. Nos. 61 ("April 5, 2004 order") & 72 ("May 11, 2004 order").) The 2002 action in this Court followed the denial of his 1999 habeas petition on the merits by the Central District of California. The district court also denied his certificate of appealability, as did the Ninth Circuit.

Additionally, Defendants argue that Plaintiff's claim that Defendants caused bad faith delay in his attempt to exhaust his administrative remedies during the 2002 action also fails as a matter of law.[1]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Holley v. Crank,* 400 F.3d 667, 674 (9th Cir.2005). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995); *Tanner v. Heise,* 879 F.2d 572, 576 (9th Cir.1989).

Particularly in civil rights cases, courts "have an obligation where petitioner is *pro se* ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman,* 773 F.2d 1026, 1027 (9th Cir.1985) (internal citation omitted). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of ... civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982) (internal citation omitted).

Typically, "[t]he nature of Rule 12(b)(6) does not allow courts to reach matters outside the pleading without following the summary judgment procedures of Rule 56." *United States v. LSL Biotechnologies,* 379 F.3d 672, 699–700 (9th Cir.2004) (internal citation and quotation marks omitted). However, "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Stac Elec. Sec. Litig.,* 89 F.3d 1399, 1405 (9th Cir.1996) (internal citations and quotation marks omitted). For instance, courts "may take judicial notice of matters of public record." *MGIC Indem. Corp. v.*

---

1. The Court notes that Plaintiff has also filed a motion for relief from the final judgment issued in the 2002 action pursuant to Federal Rule of Civil Procedure 60(b)(3). As discussed below, the Court DENIES Plaintiff's motion.

*Weisman,* 803 F.2d 500, 504 (9th Cir.1986) (taking judicial notice of a motion to dismiss and a supporting memorandum filed in a previously dismissed lawsuit). The documents that comprise the court file in the 2002 action, including any orders by the Court, are public records, whose authenticity Plaintiff does not question. Accordingly, the Court takes judicial notice of these documents pursuant to Federal Rule of Evidence 201(b)(2).

## A. Law Library Claims

Plaintiff's second amended complaint asserts that he was denied access to the law library at his institution, Centinela State Prison ("Centinela") and that it did not have adequate materials during his unsuccessful 1999 petition for writ of habeas corpus. Plaintiff's habeas petition challenged his conviction for three counts of first degree burglary, three counts of first degree robbery, two counts of forcible rape, seven counts of other sexual crimes, and one count of escape while charged with felony.

■ Defendant contends that these claims are barred by res judicata and collateral estoppel. "In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same 'claim' as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1404 (9th Cir.1993) (citing *Blonder–Tongue Lab. v. Univ. of Illinois Found.,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)).

■ Under Ninth Circuit law, courts are to consider the following factors when determining whether two claims are the same for purposes of res judicata:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Nordhorn,* 9 F.3d at 1405. Because the premise behind res judicata is finality, "[t]he doctrine bars the re-litigation of issues actually litigated in a prior suit, as well as issues that could have been litigated in that prior action." *Latman v. Burdette,* 366 F.3d 774, 783 (9th Cir.2004) (citing *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)).

■ Considering the standards established by *Nordhorn,* the Court concludes that Plaintiff's claim regarding the adequacy of the library is barred by the res judicata effect of the 2002 action. In both actions, Plaintiff maintains that the inadequacies of the law library prevented him from filing sufficient papers related to his habeas petition. The allegations contained in the second amended complaint and the complaint in the 2002 action are related to the same set of facts and could have been tried together. *See Latman v. Burdette,* 366 F.3d 774, 784 (9th Cir.2004). Therefore, the Court concludes that the two actions involve the same "claim." *See Nordhorn,* 9 F.3d at 1405.

Furthermore, in the 2002 action, the Court granted Defendants summary judgment on Plaintiff's access to the courts claim related to the law library. (April 5, 2004 order.) Summary judgment is a final judgment on the merits for preclusion purposes. *See Kourtis v. Cameron,* 419 F.3d 989, 996 n. 4 (9th Cir.2005). As noted above, the Court also denied Plaintiff's motion to amend judgment on May 11, 2004. (May 11, 2004 order.) Therefore,

the Court concludes that this claim was adjudicated on the merits in the previous action. *See Kourtis,* 419 F.3d at 996 n. 4 (concluding that the granting of summary judgment in previous litigation resulted in a termination on the merits).

Finally, the actions involve the same parties or their privies. Privity is found where "a person so identifie[s] in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Id.* at 996; *see also Sandpiper Village Condo., Ass'n, Inc. v. Louisiana–Pacific Corp.,* 428 F.3d 831, 864 (9th Cir.2005). Two Defendants, Warden G.J. Giubino and Librarian R. Pitones, are named in both the present § 1983 suit and in the 2002 action. The remainder of the Defendants in the present matter hold or held essentially the same positions as defendants in the previous case, and stand in the same relation to Plaintiff. Therefore, Defendants Giubino and Pitones were parties in the 2002 action, and the remaining Defendants are in privity with the defendants in the earlier suit. *See Kourtis,* 419 F.3d at 996. Based on the evaluation of both actions, the Court concludes that Plaintiff's present claim related to the prison library is barred by res judicata. *See Nordhorn,* 9 F.3d at 1404.

■ The Court further notes that Plaintiff's library access claim is barred by issue preclusion because the Court previously determined that he did not suffer an actual injury. "Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first

proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 (9th Cir.2006).

The issue of whether Plaintiff suffered an actual injury litigated in the 2002 action is identical to the alleged injury here. Both in the 2002 and the present action Plaintiff alleged that he was injured by having his petition for habeas corpus dismissed with prejudice and his certificate of appealability denied due to a lack of opportunity to conduct adequate legal research. In his 2002 action, Plaintiff specifically complained of being denied the ability to utilize two cases for his ineffective assistance of counsel claim: *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) and *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). (2002 Compl. at 2.) In the Court's order granting Defendant's summary judgment motion, the Court stated:

> In considering the R & R and the COA, the district court carefully weighed the merits of plaintiff's ineffective assistance claims under the standards of both *Williams* and *Slack* and rendered its decision on the merits, regardless of whether or not plaintiff had sufficient access to those cases. Therefore, the Court concludes that Mr. Brooks did not suffer actual injury as a result of the actions of the prison authorities because those actions did not hinder his efforts to pursue his habeas claim.

(April 5, 2004 order at 5.)

■ As noted above, the access issue was finally adjudicated on the merits at the summary judgment stage. *See Jackson,* 605 F.2d at 1125 n. 3. In fact, Plaintiff had considerable access to these materials during his habeas petition. Case updates, relevant portions of the cases, and Ninth Circuit interpretations of the cases were all available to Plaintiff at the time of his habeas petition. (*See* April 15, 2004 order

at 5.) Moreover, in his objections to the Report and Recommendation on his habeas petition Plaintiff cited *Williams* three times. Finally, as stated above, the parties to the 2002 action are the same or in privity with the current parties. Therefore, Plaintiff cannot show an injury for an insufficient access claim. Accordingly, the Court GRANTS with prejudice Defendants' motion to dismiss this claim. *See Reyn's Pasta Bella*, 442 F.3d at 746.

The Court notes that Plaintiff also moves for relief from the Court's previous judgment in the 2002 action pursuant to Federal Rule of Civil Procedure 60(b)(3). Under Rule 60(b)(3), the Court may relieve a party from a final judgment or order for fraud or misrepresentation. Fed.R.Civ.P. 60(b)(3). The Supreme Court, however, has cautioned that "[i]ndependent actions, must if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (noting, for instance, that such circumstance to warrant relief under Rule 60(b) would be where a judgment is taken against someone on the basis of a forged document).

■ Allowing the Court's previous judgment in the 2002 action to stand will not work any injustice, let alone a "gross" one. Plaintiff claims Defendants obtained summary judgment in their favor through fraud, misrepresentation, and misconduct. However, Plaintiff presents no allegations of fraud or misrepresentation with regard to the earlier summary judgment decision obtained by Defendants in his second amended complaint or in previous pleadings. To the extent that Plaintiff attempts to relitigate his case under the auspices of his Rule 60(b) motion, Plaintiff had a full

opportunity to argue the motion at that time. In fact, by filing a Rule 60(b)(3) motion, Plaintiff is acknowledging the Court's previous summary judgment order in favor of Defendants. As noted above, Plaintiff also filed a motion to amend the judgment under Federal Rule of Civil Procedure 59 in the 2002 action that the Court denied in part because he was again attempting to relitigate issues previously decided in his petition for habeas corpus relief and at the summary judgment stage.

Therefore, based on the totality of the circumstances presented, Plaintiff has shown no exceptional grounds to justify a departure from the doctrine of res judicata. Plaintiff has failed to demonstrate that relief under Rule 60(b)(3) is warranted. *See Beggerly*, 524 U.S. at 46–47, 118 S.Ct. 1862. Accordingly, the Court GRANTS with prejudice Defendants' motion to dismiss this claim and DENIES Plaintiff's Rule 60(b)(3) motion.

## B. Claim for Denial of Access to Courts During 2002 Action

Plaintiff also alleges that Defendants denied him access to the courts by deliberately delaying a response to his request for third-level review of his administrative claim for insufficient law library access during his previous § 1983 action. (Second Amended Complaint ("SAC") at 5.) After Plaintiff's library access claim was dismissed without prejudice for failure to exhaust administrative remedies, (*Brooks v. Giurbino, et. al.*, Doc. No. 19 ("Aug. 25, 2003 order") at 7,) he sought to complete exhaustion. According to Plaintiff's complaint, on September 23, 2004, he received notification from his institution that third level review was not available to him because he had not presented his administrative appeal within 15 working days of the event or decision being appealed pursuant to 15 Cal.Code Reg. § 3084.6(c). Plaintiff

argues that Defendants caused him to suffer "undue delay and cost to the proceedings." (SAC at 5.)

■ A prisoner's right to access the courts extends to prison grievance procedures. *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir.1995). The Supreme Court has held that in order to state a denial of access to the courts claim, a prisoner must allege: (1) an underlying cause of action which should be adequately described in the complaint, and (2) the actions by officials that caused the denial of access to the courts. *See Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). Furthermore, the claim must be founded on an actual injury suffered. *Lewis v. Casey,* 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Actual injury will only exist if "a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353, 116 S.Ct. 2174; *see also Christopher,* 536 U.S. at 416, 122 S.Ct. 2179 (requiring that the predicate claim be described well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underlying claim is "more than hope").

■ Plaintiff has not stated a claim upon which relief may be granted because he has failed to establish an actual injury suffered from the prison's alleged delay in handling his third level appeal. After permitting Plaintiff to attempt to exhaust his administrative remedies, the Court granted Defendants' motion for summary judgment as to Plaintiff's denial of access claim. (April 5, 2004 order at 5.) Specifically, the Court concluded that Plaintiff

failed to raise a genuine question of fact as to whether he suffered an actual injury. (*Id.*) Accepting Plaintiff's allegation as true that a delay occurred, Plaintiff nonetheless fails to state a claim because he does not show how this resulted in a cognizable injury. The state's delay did not cause Plaintiff to miss any deadlines or to suffer any prejudice in federal court. Indeed, his underlying claim has already been found to be without merit as a matter of law. Therefore, Plaintiff has failed to show how the state's alleged delay in responding to his third level appeal constituted the frustration of "a nonfrivolous legal claim." *Lewis,* 518 U.S. at 353, 116 S.Ct. 2174; *see also Christopher,* 536 U.S. at 415, 122 S.Ct. 2179. Accordingly, the Court GRANTS with prejudice Defendant's motion to dismiss this claim.[2]

■ Finally, the Court notes that Defendants move to strike Plaintiff's prayer for punitive damages. Punitive damages may be awarded to a plaintiff in a § 1983 action against a state official acting in an individual capacity. *Smith v. Wade,* 461 U.S. 30, 35, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Because Plaintiff has failed to state a claim upon which relief may be granted, his prayer for punitive damages must also fail as a matter of law. Accordingly, the Court GRANTS Defendants' motion to strike Plaintiff's prayer for punitive damages as to all of his claims.

### 2. Plaintiff's Motion for Partial Summary Judgment

The Court denies Plaintiff's motion for partial summary judgment. As noted above, Plaintiff has failed to state a claim

---

**2.** The Court also notes that the Supreme Court's recent decision in *Woodford v. Ngo,* —— U.S. ——, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006), dictates dismissal of Plaintiff's claim related to the alleged delay of prison officials. *See* —— U.S. ——, 126 S.Ct. 2378 (holding that the exhaustion requirement con-

tained in the Prison Litigation Reform Act requires the proper exhaustion of administrative remedies before a prisoner can file a claim in federal court). In any event, Plaintiff was allowed to attempt to exhaust his administrative remedies and the Court ultimately decided his claim on the merits.

upon which relief may be granted. Also, Plaintiff's claims were addressed in full in the Court's earlier order granting summary judgment in Defendant's favor. (April 5, 2004 order.) Therefore, the Court DENIES Plaintiff's motion for summary judgment and DENIES his request for Rule 60(b)(3) relief from judgment.

### Conclusion

For the reasons stated above, the Court **GRANTS** with prejudice Defendants' motion to dismiss and **DENIES** Plaintiff's motion for partial summary judgment. The Court additionally **DENIES** Plaintiff's Rule 60(b)(3) motion. By this ruling, the Court **ADOPTS** in part and **MODIFIES** in part the Magistrate Judge's report and recommendation.

**IT IS SO ORDERED.**